UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD HOPEWELL,

          Plaintiff,

-vs-                                        Case No.  2:07-cv-400-FtM-34SPC

FAT FREE SYSTEMS, INC,

          Defendant.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Doc. #40) filed on June 30, 2008.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."

      In the Joint Motion for Approval submitted by the Parties (Doc. #40), the parties have agreed the Defendants will pay each Plaintiff, Gerald Hopewell and Tahdell Hadley, a total sum of $1,034.00 in settlement of this action.  Mr. Hopewell filed Court Interrogatories alleging  $11, 127.27 in liquidated damages and Mr. Hadley filed Court Interrogatories alleging $25, 527.84l. However, after

settlement discussions, reviewing all pay and time records for the Plaintiffs, and evaluating the Defendant's calculation and payment of overtime, the each Plaintiff has agreed to accept the amount of $1,034.00 as a resolution to their claims without compromise.

Regarding the issue of attorney's fees and costs, under the terms of the Settlement Agreement, Plaintiff's Counsel will receive a total amount of $4,000.00 representing attorney's fees and costs. Plaintiff's Counsel indicates that she worked 12.1 hours and incurred $545.80 in costs. Counsel further indicates that the hourly rate is $300.00 per hour. The total amount of attorney's fees is $3,630.00[1]. The total sum of attorney's fees and costs incurred is $4,175.80. However, according to the terms of the agreement, Counsel has agreed to accept a total of $4,000.00 in compensation.

The Plaintiffs agree the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with Counsel. The Court therefore, concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Doc. #40) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

---

[1] In order to calculate the total sum of attorney's fees and costs using the information provided, the hourly rate is multiplied by number of hours worked ($300.00 x 12.1 = $3,630.00).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___1st___ day of July, 2008.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record