**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

GERALD HOPEWELL, on his
own behalf and others similarly
situated,

        Plaintiff,

v.                                             Case No.  2:07-cv-400-FtM-34SPC

FAT FREE SYSTEMS, INC., a foreign
corporation,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 41; Report), entered on July 1, 2008, recommending that the Court grant the Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Dkt. No. 40; Joint Motion), approve the parties' settlement, and dismiss this action with prejudice. See Report at 2.  To date, no objections to the Report have been filed, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Rule 72(b) advisory committee's note (1983); see also Macort v. Prem, Inc., 208 Fed. Appx. 781, 784-85 (11th Cir. 2006) (per curiam).  Therefore, if no specific objections to findings of facts are filed, the district court

is not required to conduct a de novo review of those findings, but will review the legal conclusions in the report de novo to determine whether there is any clear error.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

Based upon an independent examination of the record and a de novo review of the legal conclusions, the Court finds that there is no clear error on the face of the record, and it will accept the recommendation of the Magistrate Judge.  In this case, Plaintiff filed suit against Defendant on June 19, 2007, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA), seeking recovery of unpaid overtime and wages.  See Complaint & Demand for Jury Trial (Dkt. No. 1).  On July 16, 2007, Tahdell Hadley filed a Notice of Consent to Join, which reflected his agreement to join the action as an opt-in plaintiff.  See Notice of Filing Additional Notice of Consent to Join (Dkt. No. 10).  Thereafter, the parties engaged in settlement negotiations, which resulted in a compromise of the issues and claims raised in this case.[1]  See Parties Report to the Court Concerning Settlement (Dkt. No. 30; Report to Court) at 1-3.

---

[1] Pursuant to the negotiated settlement, each Plaintiff is to receive $1,034.00 in exchange for dismissing this case and executing a general release. See Joint Motion at 3; Settlement Agreements and Full and Final Mutual Releases of All Claims, attached to the Parties' Supplemental Report to the Court Concerning Settlement (Dkt. No. 34).  In addition, the parties agree that Plaintiffs' counsel should receive $4,000.00, representing the attorney's fees and costs incurred in this case. See Joint Motion at 3.  In support of this disbursement, Plaintiffs' counsel explains that she expended 12.1 hours on this case, at $300.00 per hour, and incurred $545.80 in costs. See id.  Although the total amount of attorney's fees and costs expended exceeds $4,000.00, Plaintiffs' counsel has agreed to accept that sum in order to resolve this matter. See id.

Upon review of the record, including the Joint Motion; Report; Report to Court; Plaintiff's Response to Court Order Dated May 1, 2008 (Dkt. No. 33; Response to Order);[2] the Settlement Agreements and Full and Final Mutual Releases of All Claims, attached to the Parties' Supplemental Report to the Court Concerning Settlement (Dkt. No. 34; Supplemental Report), the undersigned agrees with the Magistrate Judge that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions.[3]  Thus, the Court will accept the Report.

Accordingly, it is hereby **ORDERED**:

1. Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 41), as supplemented by this Order, is **ACCEPTED**.

2. The Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Dkt. No. 40) is **GRANTED**.

---

[2] In Plaintiffs' counsel itemization of costs, she identified, in part, costs in the amount of $140.00 for travel expenses. See Response to Order Ex. 2. However, travel expenses generally are not compensable under 28 U.S.C. § 1920, see Kemberling v. Metlife Life & Annuity Co. of Conn., No. 8:06-cv-1741-T-23MAP, 2008 WL 2609402, at **1-2 (M.D. Fla. June 30, 2008); Armitage v. Dolphin Plumbing & Mechanical, LLC, No. 6:05-cv-890-Orl-19KRS, 2007 WL 2209234, at **3-4 (M.D. Fla. July 30, 2007); and it is unclear whether Plaintiffs' counsel will be reimbursed for these expenses as a result of this settlement. See Joint Motion at 3 The parties state that, pursuant to their agreement, Plaintiffs' counsel will receive a total of $4,000.00 in attorney's fees and costs, but they do not provide a specific breakdown for these fees and costs. See id. The Court construes this representation to mean that Plaintiff's counsel will receive $3,595.00 in attorney's fees and $405.00 in costs.

[3] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)).  As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought.  Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiffs' counsel constitutes a reasonably hourly rate in this or any applicable market.

3. For purposes of satisfying the FLSA, the Settlement Agreements and Full and Final Mutual Releases of All Claims, attached to the Parties' Supplemental Report to the Court Concerning Settlement (Dkt. No. 34), are **APPROVED**.

4. This case is **DISMISSED WITH PREJUDICE**.

5. The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

**DONE AND ORDERED** in Chambers, this 31st day of July, 2008.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc1
Copies to:

Counsel of Record